UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

TRINITY INVESTMENTS LIMITED,

                 Plaintiff,

          v.

THE REPUBLIC OF ARGENTINA,

                 Defendant.

-------------------------------------------------------------------- X

14 Civ. 10016 (TPG)

**ANSWER TO COMPLAINT**

Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint dated December 18, 2014 (the "Complaint"), respectfully states as follows:

1.     To the extent that Paragraph 1 of the Complaint purports to characterize the nature of this action, no responsive pleading is required. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint. Paragraph 1 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 1 of the Complaint for its true and correct contents.

2.     To the extent that Paragraph 2 of the Complaint purports to characterize the nature of this action, no responsive pleading is required. Paragraph 2 of the Complaint purports to characterize the contents of written documents. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 2 of the Complaint for their true and correct contents. To the extent Paragraph 2 of the Complaint constitutes conclusions of law, no responsive pleadings are

required.  The Republic avers that in 2005 and 2010 it launched and consummated voluntary

exchange offers and otherwise denies the allegations contained in Paragraph 2.

3.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as

defined in 28 U.S.C. § 1603(a).

5.      Paragraph 5 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.

6.      Paragraph 6 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  The Republic otherwise denies the allegations contained in

Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.

8.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it issued bonds

having ISIN US040114AN02.

9.      The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 9 of the Complaint, except admits that it issued bonds

having ISIN US040114AR16.

10.     The Republic lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 10 of the Complaint, except admits that it issued

bonds having ISIN US040114AV28.

11. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, except admits that it issued bonds having ISIN US040114BE93.

12. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, except admits that it issued bonds having ISIN US040114GA27.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, except admits that it issued bonds having ISIN US040114GF14.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, except admits that it issued bonds having ISIN US040114GG96.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, except admits that it issued bonds having ISIN US040114GH79.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 for its true and correct contents.

17. Paragraph 17 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 17 for its true and correct contents.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 for its true and correct contents.

19.     The Republic denies the allegations contained in Paragraph 19 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  Paragraph 19 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 for its true and correct contents.  To the extent that Paragraph 19 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

20.     The Republic admits that since December 2001 it has not paid principal or interest on nonperforming debt.

21.     Paragraph 21 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 for its true and correct contents.  To the extent that Paragraph 21 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

22.     Paragraph 22 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 22 of the Complaint.

23.     The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt.

24.     Paragraph 24 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 24 for its true and correct contents.

25.     The Republic admits that approximately 76% of eligible debt participated in its 2005 Bond Exchange.

26.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     The Republic admits that bondholders who tendered into the 2005 Bond Exchange received bonds scheduled to pay semi-annual interest.

28.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2005 Bond Exchange.

29.     The Republic admits that it has made interest payments due on the 2005 Exchange Bonds.

30.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 31 for its true and correct contents.

32.     Paragraph 32 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 32 for its true and correct contents.

33.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 for its true and correct contents.

35.     Paragraph 35 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint purports to characterize the contents of legal proceedings, which speak for themselves.  The Republic denies such characterizations inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 36 of the Complaint for their true and correct contents.  To the extent that Paragraph 36 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

37.     Paragraph 37 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 37 for its true and correct contents.  To the extent that Paragraph 37 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

38.     Paragraph 38 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 38 for its true and correct contents.

39.     Paragraph 39 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 39 for its true and correct contents.

40.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42.     The Republic admits that bondholders who tendered into the 2010 Bond Exchange received bonds scheduled to pay semi-annual interest.

43.     The Republic admits that it has made interest payments due on bonds issued pursuant to the 2010 Bond Exchange.

44.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint purports to characterize the contents of legal proceedings, which speak for themselves.  The Republic denies such characterizations

inconsistent with the referenced legal proceedings and refers to the legal proceedings cited in Paragraph 46 for their true and correct contents.

47.     Paragraph 47 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced legal proceedings and documents and refers to the legal proceedings and documents cited in Paragraph 47 for their true and correct contents.  To the extent that Paragraph 47 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

48.     Paragraph 48 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 48 for its true and correct contents.  To the extent that Paragraph 48 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

49.     Paragraph 49 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 49 for its true and correct contents.  To the extent that Paragraph 49 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

50.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

51.     Paragraph 51 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 51 for its true and correct contents.  To the extent that Paragraph 51 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

52.     Paragraph 52 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 52 for its true and correct contents.  To the extent that Paragraph 52 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

53.     The Republic admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on June 16, 2014.

54.     Paragraph 54 of the Complaint purports to characterize the contents of statements.  The Republic denies such characterizations inconsistent with the contents of the referenced statements and refers to the statements cited in Paragraph 54 for their true and correct contents.

55.     Paragraph 55 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 55 of the Complaint.  To the extent that Paragraph 55 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.

56.     In response to Paragraph 56 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 55 of the Complaint.

57.     Paragraph 57 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 57 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AN02.

58.     Paragraph 58 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 58 for its true and correct contents. To the extent that Paragraph 58 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 59 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.  To the extent that Paragraph 59 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

60.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 60 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

61.     Paragraph 61 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 61 of the Complaint.

62.     In response to Paragraph 62 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 61 of the Complaint.

63.     Paragraph 63 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 63 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AR16.

64.     Paragraph 64 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 64 for its true and correct contents. To the extent that Paragraph 64 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 65 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65 of the Complaint.  To the extent that Paragraph 65 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

66.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that

Paragraph 66 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

67.   Paragraph 67 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 67 of the Complaint.

68.   In response to Paragraph 68 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 67 of the Complaint.

69.   Paragraph 69 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 69 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114AV28.

70.   Paragraph 70 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 70 for its true and correct contents. To the extent that Paragraph 70 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 70 of the Complaint.

71.   Paragraph 71 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 71 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the

Complaint.  To the extent that Paragraph 71 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

72.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 72 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

73.     Paragraph 73 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 73 of the Complaint.

74.     In response to Paragraph 74 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 73 of the Complaint.

75.     Paragraph 75 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 75 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114BE93.

76.     Paragraph 76 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 76 for its true and correct contents. To the extent that Paragraph 76 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 77 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint.  To the extent that Paragraph 77 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

78.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 78 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

79.     Paragraph 79 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 79 of the Complaint.

80.     In response to Paragraph 80 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 79 of the Complaint.

81.     Paragraph 81 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 81 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GA27.

82.     Paragraph 82 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 82 for its true and correct contents. To the extent that Paragraph 82 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 82 of the Complaint.

83.     Paragraph 83 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 83 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint.  To the extent that Paragraph 83 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

84.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 84 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

85.     Paragraph 85 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 85 of the Complaint.

86.     In response to Paragraph 86 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 85 of the Complaint.

87.     Paragraph 87 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 87 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GF14.

88.     Paragraph 88 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 88 for its true and correct contents. To the extent that Paragraph 88 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 88 of the Complaint.

89.     Paragraph 89 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 89 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 of the Complaint.  To the extent that Paragraph 89 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

90.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 90 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

91.     Paragraph 91 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 91 of the Complaint.

92.     In response to Paragraph 92 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 91 of the Complaint.

93.     Paragraph 93 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 93 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GG96.

94.     Paragraph 94 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 94 for its true and correct contents. To the extent that Paragraph 94 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 94 of the Complaint.

95.     Paragraph 95 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 95 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95 of the Complaint.  To the extent that Paragraph 95 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

96.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 96 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

97.     Paragraph 97 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 97 of the Complaint.

98.     In response to Paragraph 98 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 97 of the Complaint.

99.     Paragraph 99 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 99 for its true and correct contents.  The Republic otherwise admits that it issued bonds having ISIN US040114GH79.

100.     Paragraph 100 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 100 for its true and correct contents. To the extent that Paragraph 100 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 100 of the Complaint.

101.     Paragraph 101 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 101 for its true and correct contents.  The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint.  To the extent that Paragraph 101 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

102.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 of the Complaint, except admits that since December 2001 it has not paid principal or interest on nonperforming debt.  To the extent that Paragraph 102 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

103.    Paragraph 103 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104.    In response to Paragraph 104 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 103 of the Complaint.

105.    Paragraph 105 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 105 for its true and correct contents.

106.    Paragraph 106 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 106 of the Complaint.

107.     Paragraph 107 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 107 of the Complaint.

108.     Paragraph 108 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 108 for their true and correct contents. To the extent that Paragraph 108 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 108 of the Complaint.

109.     Paragraph 109 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 109 for their true and correct contents. To the extent that Paragraph 109 of the Complaint constitutes conclusions of law, no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 110 of the Complaint.

111.     Paragraph 111 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 111 of the Complaint.

112.     Paragraph 112 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 112 of the Complaint.

113.     Paragraph 113 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 113 of the Complaint.

114.     Paragraph 114 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 114 of the Complaint.

115.     Paragraph 115 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 115 of the Complaint.

116.     Paragraph 116 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 116 of the Complaint.

117.     Paragraph 117 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 117 of the Complaint for its true and correct contents.  To the extent that Paragraph 117 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

118.     Paragraph 118 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 119 of the Complaint.

120.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120 of the Complaint.  Paragraph 120 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

121.    Paragraph 121 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 121 of the Complaint.

122.     Paragraph 122 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 122 of the Complaint.

123.    Paragraph 123 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 123 of the Complaint.

**First Affirmative Defense**

124.    The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**[1]

125.    Plaintiff's claims are barred by the act of state doctrine.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Republic of Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (Sept. 16, 2003), Orders.

### Third Affirmative Defense

126.    To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

127.    Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

128.    Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

129.    Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

130.    Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

131.    Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the governing bond documents.

### Ninth Affirmative Defense

132.    Plaintiff's claims are barred by the doctrine of laches.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a)      dismissing plaintiff's claims with prejudice;

(b)      awarding the Republic costs and disbursements, including reasonable

attorneys' fees; and

(c)      granting the Republic such other and further relief as the Court may deem

just and proper.


Dated: New York, New York
       February 17, 2015

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                        By:____/s/ Carmine D. Boccuzzi_____
                                            Jonathan I. Blackman (jblackman@cgsh.com)
                                            Carmine D. Boccuzzi (cboccuzzi@cgsh.com)


                                        One Liberty Plaza
                                        New York, New York 10006
                                        (212) 225-2000


                                        Attorneys for the Republic of Argentina