UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
TRINITY INVESTMENTS LIMITED,          :
               Plaintiff,         :        14 Civ. 10016
               v.                 :        **JUDGMENT**
THE REPUBLIC OF ARGENTINA             :
               Defendant.         :
--------------------------------X

      Plaintiff having moved this Court for summary judgment, and the matter having come before the Honorable Loretta A. Preska, United States District Court, and the Court having granted partial summary judgment pursuant to the Opinion dated _____July 7, 2020_____, and directed that judgment be entered for the principal amount of the bonds described below, plus accrued interest,

      NOW, it is hereby, **ORDERED, ADJUDGED, AND DECREED** that plaintiff shall recover from Defendant the Republic of Argentina (the "Republic") as follows:[1]

      1.    With respect to plaintiff Trinity Investments Designated Activity Company ("Trinity")'s bond in the principal amount of $268,000 (11.375% Global Bond due January 30, 2017, ISIN US040114AR16), Trinity shall recover from the Republic $819,126.34, which is comprised of: (i) $268,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $363,787.67 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iii) $187,338.68 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

---

[1] All amounts herein are calculated as of July 6, 2020.

2. With respect to plaintiff Trinity's bond in the principal amount of $25,000 (9.750% Global Bond due September 19, 2027, ISIN US040114AV28), Trinity shall recover from the Republic $68,385.48, which is comprised of: (i) $25,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $28,748.96 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iii) $14,636.52 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

3. With respect to plaintiff Trinity's bond in the principal amount of $750,000 (11.750% Global Bond due April 7, 2009, ISIN US040114BE93), Trinity shall recover from the Republic $2,309,517.27, which is comprised of: (i) $750,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $1,034,979.17 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iii) $524,538.11 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

4. With respect to plaintiff Trinity's bond in the principal amount of $500,000 (11.750% Global Bond due June 15, 2015, ISIN US040114GA27), Trinity shall recover from the Republic $1,516,933.97, which is comprised of: (i) $500,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $678,888.89 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iii) $338,045.09 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

5. With respect to plaintiff Trinity's bond in the principal amount of $2,431,000 (15.500% Global Bond due December 19, 2008, ISIN US040114GF14), Trinity shall recover from

the Republic $9,329,341.77, which is comprised of: (i) $2,431,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $4,538,406.89 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iii) $2,359,934.88 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

6. With respect to plaintiff Trinity's bond in the principal amount of $250,000 (12.250% Global Bond due June 19, 2018, ISIN US040114GG96), Trinity shall recover from the Republic $1,468,990.34, which is comprised of: (i) $250,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $203,019.65 (representing accrued interest, capitalized semiannually), *plus* (iii) $668,405.33 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iv) $347,565.36 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

7. With respect to plaintiff Trinity's bond in the principal amount of $1,100,000 (12.000% Global Bond due June 19, 2031, ISIN US040114GH79), Trinity shall recover from the Republic $6,297,667.21, which is comprised of: (i) $1,100,000 (representing the unpaid value of the principal of the bond), *plus* (ii) $869,932.47 (representing accrued interest, capitalized semiannually), *plus* (iii) $2,847,209.06 (representing the unpaid interest on the principal of the bond, solely to the extent that the unpaid coupons became due at a point on or after six years prior to the filing of the Complaint), *plus* (iv) $1,480,525.68 (representing statutory pre-judgment interest, at the rate of 9%, accruing on each recoverable unpaid interest coupon).

It is further **ORDERED** that, until further notice from the Court, plaintiff must refrain from selling or otherwise transferring its beneficial interests in the bonds involved in this action without

advising the Court in advance and obtaining permission of the Court.  [For the avoidance of doubt, following the entry of this Judgment, plaintiff may, without further leave of Court sell or transfer this Judgment, and together with such sale or assignment, plaintiff's surviving rights under the *pari passu* covenant of the relevant bonds.  Plaintiff may not transfer any other rights arising from the relevant bonds without leave of Court.]

Dated: New York, New York
       July __7__, 2020

_Loretta A. Preska_
Hon. Loretta A. Preska
District Judge