UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATTESTOR MASTER VALUE FUND LP,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 14-CV-05849 (LAP)<br><br>ORDER |
| TRINITY INVESTMENT LIMITED,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 14-CV-10016 (LAP); 15-CV-1588 (LAP); 15-CV-2611 (LAP); 15-CV-5886 (LAP); 15-CV-9982 (LAP); 16-CV-1436 (LAP)<br><br>ORDER |
| BYBROOK CAPITAL MASTER FUND LP, and BYBROOK CAPITAL HAZELTON MASTER FUND LP,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 15-CV-2369 (LAP); 15-CV-7367 (LAP); 16-CV-1192 (LAP); 21-CV-2060 (LAP)<br><br>ORDER |
| WHITE HAWTHORNE, LLC,<br><br>                    Plaintiff,<br><br>-against-<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                    Defendants. | No. 15-CV-4767 (LAP); 15-CV-9601 (LAP)<br><br>ORDER |

| | |
|---|---|
| WHITE HAWTHORNE, LLC and WHITE HAWTHORNE II, LLC, | |
| Plaintiff, | No. 16-CV-1042 (LAP) |
| -against- | ORDER |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |
| BISON BEE LLC, | |
| Plaintiff, | No. 18-CV-3446 (LAP) |
| -against- | ORDER |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |
| BAINBRIDGE FUND LTD., | |
| Plaintiff, | No. 16-CV-08605 (LAP) |
| -against- | ORDER |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |

LORETTA A. PRESKA, Senior United States District Judge:

After receiving Plaintiffs' letter and stipulation and proposed order, which included two disputed paragraphs, (dkt. nos. 171-72), the Court entered an order on February 28, 2025, (dkt. no. 173 ("February 28, 2025 Order")).[1] Thereafter, the Court received (1) Plaintiffs' letter informing the Court that

---

[1] References to the docket refer to Attestor Master Value Fund LP v. Republic of Argentina, No. 14-CV-05849.

Bainbridge's counsel was inadvertently not copied on Plaintiffs' filing, (dkt. no. 171), and therefore Bainbridge did not have an opportunity to provide the Court with its position on the disputed paragraphs, (dkt. no. 174); and (2) Bainbridge's letter stating the same, (dkt. no. 179).  The parties suggest that the Court vacate the February 28, 2025 Order and allow Bainbridge an opportunity to be heard.

Rule 60(b)(1) of the Federal Rules of Civil Procedure states that a "court may relieve a party or its legal representative from a final judgment, order, or preceding for . . . mistake inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "The decision whether to grant a Rule 60(b) motion rests within the district court's sound discretion." Taylor v. Zampella, No. 23-CV-8409 (LJL), 2024 WL 1834028, at *2 (S.D.N.Y. Apr. 26, 2024) (internal quotations and citations omitted).  Given that Bainbridge inadvertently did not have an opportunity to weigh in on Plaintiffs' proposed order, the Court vacates its February 28, 2025 Order.  The parties shall confer and inform the Court, by letter, by March 5, 2025, how the parties wish to proceed with respect to the one outstanding disputed paragraph.

**SO ORDERED.**

Dated:    March 3, 2025
          New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge